Rich v. Fendler.

SOL. V. RICH, Respondent, v. LEON FENDLER, Appellant.

St. Louis Court of Appeals, November 21, 1893.

1. **Master and Servant:** PROOF OF INCOMPETENCY OF LATTER. A servant, employed in a stated capacity for a fixed term on condition that he was competent therefor, was dismissed by the master after he had been engaged for a month in the discharge of his duties but during the term of the employment. The master sought to justify the dismissal by proof of the servants incompetency. *Held*, that evidence of the servant's general reputation as a workman, and of his failure to give satisfaction in other like employment, was not admissible for this purpose.

2. **Practice, Appellate:** WEIGHING THE EVIDENCE IN ACTIONS AT LAW. When the solution of an issue of fact in an action at law depends upon the credibility of witnesses whose testimony is conflicting, this court will not review the verdict of the jury thereon on the ground that it is opposed to the weight of the evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Collins & Jamison* for appellant.

(1) A master who hires a servant for a definite period of time on the faith of the latter's representations as to his capacity in that line of employment may terminate the contract before the expiration of the time, if such representations are untrue. *Anstee v. Ober*, 26 Mo. App. 665; 14 American & English Encyclopedia of Law, 790; *Squire v. Wright*, 1 Mo. App. 172; Wood on Master and Servant [2 Ed.], 166. Under the contract sued upon the defendant had the right to show that the plaintiff did not have the qualifications to discharge the duties of said position, and

was not competent to fill said position; and the court erred in excluding the testimony offered on this point. (2) Where the preponderance of evidence is so excessive as to show that the trial court abused its discretionary power in allowing the verdict to stand, the verdict will be set aside by the appellate court. *Schulte v. Railroad*, 5 Mo. App. 578; *Garrett v. Greenwell*, 92 Mo. 125; *Spohn v. Railroad*, 87 Mo. 74; *Whitesett v. Ransom*, 79 Mo. 258; *Ackery v. Staehlin*, 56 Mo. 561; *Hipsley v. Railroad*, 88 Mo. 353.

*Charles L. Hamm* for respondent.

(1) This court will not review the weight of the evidence. *Gary v. Cole*, 38 Ill. 236; *Lalor v. McDonald's Adm'r*, 44 Mo. App. 439; *Pohlman v. Tilden*, 44 Mo. App. 569. (2) The court properly excluded evidence as to the competency and skillfulness of plaintiff. The question was not whether he was capable of performing the duties devolving upon him under the contract, but whether he did perform them, and the jury found that he did. 7 American and English Encyclopedia of Law, p. 500, and cases there cited; *Stevenson v. Gelsthorpe*, 27 Pac. Rep. 404.

BIGGS, J.—This was an action for damages for an alleged violation of the following contract:

"ST. LOUIS, August 17, 1892.

"This is to certify that I hereby engage Mr. Sol. V. Rich, for the term of three months from this day up to the seventeenth day of November, 1892, at a salary of $20 per week, provided he is competent to fill the position he is engaged for,—that is, as foreman in the manufacturing department.

"(Signed)　　　　　L. FENDLER."

It is alleged that under the foregoing contract the plaintiff entered the service of the defendant, and that he continued to faithfully discharge the duties of the position assigned to him until the tenth day of September, 1892, when the defendant without cause discharged him from the employment; that afterwards the plaintiff sought other employment, but was unable to obtain it. The defense was that plaintiff was careless in the discharge of his duties; that he was incompetent to fill the position; and that, when his attention was called to his dereliction of duty, it was mutually agreed that the contract between the parties should be rescinded. There was a verdict for the plaintiff, and the defendant has appealed.

On the trial the plaintiff read the contract in evidence, and he introduced other evidence tending to prove his alleged cause of action. The evidence of the defendant tended to prove that the plaintiff was careless and negligent in the discharge of the duties assigned to him, and that, when his attention was called to his failure to properly do the work assigned to him, he declared his willingness and intention to quit work, to which the defendant assented. The defendant offered to prove by other witnesses, who were acquainted with the plaintiff, that he did not possess the necessary skill to discharge the duties of foreman of such a business as the defendant conducted, by showing his general reputation as a workman, and that he had undertaken similar work for other parties and had failed to give satisfaction. The court excluded this evidence, and the defendant assigns that for error.

We are of the opinion that the court did right in excluding the evidence which the defendant offered. The plaintiff worked for the defendant for more than a month, and we think that his competency or incom-

petency could be best determined by the manner in which he *actually discharged* the duties assigned to him. The question at issue was whether the plaintiff did his work honestly, promptly and properly. In determining this it certainly would not have been relevant for the plaintiff to show that he was a mechanic of good reputation, or that he had discharged similar duties for some one else in a satisfactory manner. Neither was it competent for the defendant to show the contrary of this. In actions against physicians for malpractice it has been held that evidence of the general reputation of the physician was irrelevant; that the unskilfulness of the physician must be determined by the manner in which he treated the particular case, and that his general reputation, whether good or bad, could cut no figure. *Stevenson v. Gelsthorpe,* 27 Pac. Rep. 404. So, in this case, it could make no difference whether the plaintiff's general reputation as a workman was good or bad, or whether he had failed to perform similar duties for other parties in an unskillful manner.

The other assignment is that the trial court abused its discretionary powers in allowing the verdict to stand, as the preponderance of the evidence for the defendant is such as to indicate bias in the verdict. The substance of such an assignment is that under all the evidence the unavoidable inference is that the verdict was the result of passion, prejudice or mistake, and that, therefore, the trial court, in overruling the motion for a new trial, abused its judicial discretion. We have held that the verdict of a jury must be regarded as the result of a mistake or prejudice, when it is against all reasonable probabilities in the case. In the present action the testimony of the defendant on the main question was opposed by the testimony of the plaintiff, that is, as to the manner in which the

plaintiff discharged the duties assigned to him. While the plaintiff's testimony stood alone, and that of the defendant was measurably corroborated by other witnesses, yet the issue was such that it is impossible for us to say that the testimony of the plaintiff could not in reason be true. The solution of the question had to be determined by the credibility of the witnesses and the weight of the evidence. Of the former the jurors were the sole judges; and whether the conclusion reached by them was against the weight of the evidence was for the trial court to decide, and we can not review its action.

All the judges concurring, the judgment will be affirmed.